OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

----------------------------
                              :
        OPINION               :
                              :      No. 88-901
          of                  :
                              :      MARCH 9, 1989
   JOHN K. VAN DE KAMP        :
    Attorney General          :
                              :
    ANTHONY S. DaVIGO         :
   Deputy Attorney General    :
                              :
-----------------------------------------------------------------

        THE HONORABLE JOHN R. LEWIS, MEMBER OF THE ASSEMBLY, has requested an opinion on the following question:

        Is an elected county superintendent of schools or an "independent" county board of education authorized to appoint, discipline, and establish the salaries of certificated and classified county school employees?

                          CONCLUSION

        The county superintendent of schools, rather than an "independent" county board of education, is authorized to appoint, discipline, and establish the salaries of certificated and classified county school employees.

                          ANALYSIS

        California Constitution, article IX, provides for county superintendents of schools (§ 3; and see Ed. Code, § 1200 et seq.), and for county boards of education (§ 3.3; and see Ed. Code, § 1000 et seq.).[1]  This opinion concerns the allocation of duties and powers respecting the employment of county school personnel, between such superintendent and such board which is "independent" by virtue of the transfer to it of certain powers under section 1080, infra.

---

        1.  Statutory references throughout this analysis are to the Education Code.

THE COUNTY SUPERINTENDENT OF SCHOOLS

The general duties and powers of the superintendent are set forth in section 1240:

"The superintendent of schools of each county shall:

"(a)  Superintend the schools of his or her county.

"(b)  Visit and examine each school in his or her county . . . .

"(c)  Distribute all laws, reports, . . . for the use of the school officers.

"(d)  Keep in his or her office the reports of the Superintendent of Public Instruction . . . .

"(e)  Keep a record of his or her official acts, and of all the proceedings of the county board of education . . . .

"(f)  Enforce the course of study.

"(g)  Enforce the use of state textbooks and of high school textbooks regularly adopted by the proper authority.

"(h)  Preserve carefully all reports of school officers and teachers.

"(i)  Deliver to his or her successor . . . all . . . papers belonging to the office . . . .

"(j)  Submit two reports during the fiscal year to the county board of education.  The first report shall cover the financial and budgetary status of the county office of education for the period ending no earlier than October 31 nor later than December 31.  The second report shall cover the period ending March 31. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(k)  When so requested, act as agent for the purchase of supplies for the city and high school districts . . . ."

Neither the foregoing nor other duties specified in sections 1240 through 1278 pertain directly to the employment of permanent classified or certificated personnel.

THE COUNTY BOARD OF EDUCATION

The mandatory duties of the board are set forth in section 1040:

"County boards of education shall:

"(a)  Adopt rules and regulations . . . .

"(b)  Keep a record of their proceedings.

"(c)  Approve the annual budget of the county superintendent of schools . . . .

"(d)  Approve the annual county school service fund budget of the county superintendent of schools . . . .

"(e)  Review . . . the report of the annual audit provided for by the county superintendent of schools under Section 41020."

Discretionary duties are set forth in section 1042:

"County boards of education may:

"(a) Adopt rules and regulations governing the administration of the office of the county superintendent of schools.

"(b)  Review the county superintendent of schools annual itemized estimate of anticipated revenue and expenditures . . . and make any revisions, reductions, or additions therein it deems advisable and proper. . . .

"(c)  In the name by which the board of education is designated, acquire, lease, lease-purchase, hold and convey real property for the purpose of housing the offices and services of the county superintendent of schools . . . .

"(d)  Contract with and employ any persons for the furnishing to the board of special services and advice in financial, economic, accounting, engineering, legal, or administrative matters, if these persons are specially trained and experienced and competent to perform the special services required.  The board may pay from any available funds such compensation to these persons as it deems proper for the services rendered.

"(e)  . . . fill by appointment any vacancy that occurs during the term of office of the county superintendent of schools. . . .

". . . . . . . . . . . . . . . . . . . . . . . ."

The question assumes an "independent" board by virtue of the transfer to it of certain powers under section 1080:

"The county board of supervisors, by resolution, may transfer all of the following duties and functions of the county board of supervisors to the county board of education:

"(a)  Approval of the county superintendent's estimate of anticipated revenue and expenditures pursuant to Section 1042 . . . .

"(b)  Allowance of the actual and necessary travel expenses, the expenses of the office of the county superintendent of schools . . . .

"(c)  By agreement with the county board of education, any other duties and functions of an educational . . . nature which by law are required or permitted to be performed by the county board of supervisors.

"(d)  By agreement with the county board of education, the community recreation functions authorized by Chapter 10 (commencing with Section 10900) of Part 7 of this division.

". . . . . . . . . . . . . . . . . . . . . ."

With the exception of subdivision (d) of section 1042,    supra, expressly authorizing the board to contract with and employ any persons for the furnishing to the board of "special services and advice" in financial, economic, accounting, engineering, legal, or administrative matters (see generally Gov.

Code, § 53060; <u>Darley</u> v. <u>Ward</u> (1982) 136 Cal.App.3d 614, 627-628; 71 Ops.Cal.Atty.Gen. 266, 272 (1988)), we find no provisions among the foregoing mandatory, discretionary, or transferred duties of the board pertaining directly to the general employment of permanent classified or certificated personnel.

## CERTIFICATED EMPLOYEES

We now examine the provisions relating specifically to certificated county school employees.  Section 1293 provides:

"<u>A county superintendent of schools may enter into contracts of employment with persons employed by him</u> in positions requiring certification qualifications for periods of not to exceed the end of the school year in which the term for which the county superintendent of schools was elected or appointed expires and in no event, for more than four years and six months."  (Emphasis added.)

Section 1294, pertaining to leaves of absence, sick leave, and bereavement leave, begins with the words:

"<u>Each person employed by a county superintendent of schools</u> in a position requiring certification qualifications, except employees included in the civil service system or in any merit system. . . ."  (Emphasis added.)

Section 1294.5, concerning employment for contract services and categorically funded projects, provides in part:

"<u>Any county superintendent of schools may employ persons possessing an appropriate credential as certificated employees</u> in programs and projects to perform services conducted under contract with public or private agencies, or other categorically funded projects of indeterminate duration.  The terms and conditions under which such persons are employed shall be mutually agreed upon by the employee and the county superintendent and such agreement shall be reduced to writing."  (Emphasis added.)

In view of the foregoing, the superintendent is authorized to appoint certificated county school employees.

The issues of discipline and compensation are more complex.  Section 1296, subdivision (a), provides:

"If the average daily attendance of the schools and classes maintained by a county superintendent of schools is 250 or more, each person who, after being <u>employed</u> for three complete consecutive school years <u>by the superintendent</u> in a teaching position in those schools or classes requiring certification qualifications and whose salary is paid from the county school service funds, is reelected for the next succeeding school year to such a position in those schools or classes, shall be classified as and become a <u>permanent employee of the county superintendent of schools</u>. . . ."[2]  (Emphases added.)

_____

2.   For those who commenced employment during or after the 1983-1984 fiscal year, the probationary period is two years. (§ 1296, subd. (b).)

The latter section further provides that such a permanent employee "shall have the same rights and duties as employees of school districts to which section 44882 [repealed, Stats. 1987, ch. 1452, § 367; see now, § 44929.21] applies."

Consequently, the rights and duties of a certificated county school employee with permanent status, assuming an average daily attendance of 250 or more, are the same as those of a school district with a similar attendance. Such employees are employed by the governing board. (§§ 44830, 44831.) Disciplinary charges may be filed with, and are heard by, the governing board provided that a collective bargaining agreement has not been adopted. (§§ 44934, 44944.) The governing board of a school district is required to fix and order paid the compensation of certificated employees unless otherwise prescribed by law. (§ 45022; 57 Ops.Cal.Atty.Gen. 199-200 (1974).)

However, we do not deem the reference in section 1296 to "the same rights and duties" as an incorporation of the specific provisions applicable to school district employees, including the designation of the governing board as the agency authorized to appoint, discipline, and establish compensation. While the extent of entitlements and obligations must be essentially equivalent, including, for example, the right to notice and hearing upon a disciplinary action, their specific mode and implementation would nevertheless be determined according to the terms and conditions of the contract between the county school employee and the superintendent as provided in section 1293. In addition, it must be noted that section 1296 itself twice refers to the superintendent as employer, once in the context of the employee's attainment of permanent status. Consequently, the superintendent is authorized to appoint,[3] discipline, and establish the salaries[4] of certificated county school employees.

---

3. The superintendent is also authorized, through the county school service fund, to provide for the coordination of educational programs among school districts and community college districts. (§ 1700.) In this regard, the superintendent may,    with the approval of the board employ qualified personnel for the coordination of courses of study, guidance services, health services, school library services, special education, and attendance activities among the school districts under his jurisdiction (§ 1703); employ supervisors to supervise instruction in certain elementary schools (§ 1730); employ personnel to supervise attendance (§ 1740), to provide health services (§ 1750), and necessary guidance services (§ 1760), to pupils in certain elementary, high school, and unified school districts.

4. In the context of collective bargaining, the Public Employment Relations Board has determined that the superintendent is the sole employer of certificated employees. (See Gov. Code, § 3540.1(k); Southern Alameda County Teachers Assn. v. Alameda County Board of Education, etc., PERB dec. no. 323 (June 30, 1983).) PERB's construction of a statutory provision falling squarely within its legislatively designated field of expertise is to be regarded with deference by a court, and will generally be followed unless clearly erroneous. (Highland Ranch v. ALRB (1981) 29 Cal.3d 848, 859; 69 Ops.Cal.Atty.Gen. 268, 269, n. 1 (1986).)

It is clear that upon the transfer of powers to the board, the employees assigned to those functions cease to be employees of the county.[5/] In this regard, section 1312, pertaining to classified county school employees, provides:

"County employees assigned to the office of the county superintendent of schools shall cease to be employees of the county upon the establishment of a separate budget for the office of the county superintendent of schools, and shall thereafter be paid from the county school service fund. Other county employees assigned to functions transferred to the county board of education pursuant to Article 3 (commencing with Section 1080) of Chapter 1 of this part shall cease to be employees of the county upon the effective date of such transfer, and shall thereafter be paid from the county school service fund."

Section 1311 provides:

"Each person employed by a county superintendent of schools in a position not requiring certification qualifications and whose salary is paid from the county school service fund shall be employed in accordance with the provisions of Chapter 1 (commencing with Section 44000) and Chapter 5 (commencing with Section 45100) of Part 25 of Division 3 of Title 2, and Chapter 1 (commencing with Section 87000) and Chapter 4 (commencing with Section 88000) of Part 51 of Division 7 of Title 3." (Emphasis added.)[6/]

The italicized words suggest that the employer is the superintendent.[7/] The section further provides, however, that classified employees "shall be employed in accordance with the provisions [following §§ 44000 & 45100 respectively]." Under those provisions, the governing board of a school district shall employ persons for positions not requiring certification qualifications. (§ 45103.) Unless otherwise prescribed by law, compensation is established by the governing board. (§§ 45160, 45162.) Where a merit system is in effect (§ 1317; cf. 56 Ops.Cal.Atty.Gen. 421 (1973)), the governing board is required to employ and compensate classified personnel. (§ 45241; 54 Ops.Cal.Atty.Gen. 77 (1971); and

---

5. It is assumed for purposes of this discussion that the county, having transferred functions under section 1080 to the county board of education, has adopted a resolution making the provisions following section 1310 operative.

6. The county school service fund is established by section 1600. The fund shall be employed by the superintendent to pay such charges against the fund as are provided in the Education Code. (§ 1602.)

7. See also section 1319:

"The county superintendent of schools may employ, in accordance with the provisions of Chapter 5 (commencing with Section 45100) of Part 25 of Division 3 of Title 2, such personnel as may be necessary to act as guards at pedestrian crossings to ensure the safety of schoolchildren who use such intersections."

cf. <u>Sonoma County Bd. of Educ.</u> v. <u>Pub. Emp. Rel. Bd.</u> (1980) 102 Cal.App.3d 689: the board is under a duty to bargain in good faith with representative of classified service.)  Disciplinary charges are filed with and heard by a personnel commission.  (§§ 45304, 45305.)

However, we did not deem the reference in section 1311 to employment "in accordance with" the provisions of section 45100 and following as an incorporation of the specific provisions applicable to school district employees, including the designation of the governing board as the agency authorized to appoint, discipline, and establish compensation. While essential rights, duties, and procedural prerequisites including, for example, the right to notice and hearing upon a disciplinary action, must be recognized, nothing in sections 1311 and 1312 pertaining to county school employees indicates that the board, as distinguished from the superintendent, is authorized to appoint, discipline, and establish the compensation of those employees.

On the contrary, section 1311 refers expressly to persons "employed by the county superintendent of schools."  If section 45103, for example, to which section 1311 refers, providing that the governing board of a school district shall employ classified personnel, were construed to require the employment of such personnel at the county level by the county board, we would be faced with an unwarranted contradiction.  Finally, section 45100 itself provides that that and succeeding sections apply "to all persons who are part of the classified service who are employed by the county superintendent of schools . . . ."

In our view of the statutory scheme as a whole, the superintendent is authorized to appoint, discipline, and establish the salaries of the classified county school employees. The focus of the conclusions reached herein are narrow and specific.  While we identify the agency responsible for specified functions, it is not suggested that the performance of those functions is not constrained or regulated by other provisions of law.

* * * * *

7.                                                                88-901